UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN M. SANDBURG, | ) |
| | ) No. CV-10-219-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on December 2, 2011 (ECF No. 14, 17). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Thomas Inman represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge (ECF No. 4). On November 8, 2011, plaintiff filed a reply (ECF No. 19). After reviewing the administrative record and the briefs filed by the parties, the court **grants** plaintiff's motion for summary judgment (**ECF No. 14**) and reverses and remands for further proceedings pursuant to sentence four.

**JURISDICTION**

Plaintiff protectively applied for disability insurance (DIB) and social security income (SSI) benefits on September 10, 2007, alleging disability beginning September 1, 2004 (Tr. 115-

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                                          - 1 -

1 118; 119-126). The applications were denied initially and on

2 reconsideration, based on finding DAA is material to disability

3 (Tr. 78-80, 81-83, 84-85, 86-88). At a hearing before

4 Administrative Law Judge (ALJ) Paul Gaughen on June 16, 2009,

5 plaintiff, represented by counsel, and medical and vocational

6 experts testified (Tr. 36-71). On July 16, 2009, the ALJ issued an

7 unfavorable decision (Tr. 16-28). The Appeals Council denied

8 review on May 27, 2010 (Tr. 1-3), making the ALJ's decision the

9 final decision of the Commissioner. Pursuant to 42 U.S.C. §

10 405(g), the final decision is appealable to the district court.

11 Plaintiff sought judicial review on July 14, 2010 (ECF No. 1).

12 **STATEMENT OF FACTS**

13    The facts have been presented in the administrative hearing

14 transcript, the ALJ's decision, the briefs of the parties, and are

15 briefly summarized here where relevant.

16    Plaintiff was 47 years old at onset. She earned a GED and

17 completed one and a half years of college (Tr. 47, 156, 243). She

18 has worked as a stock clerk, produce clerk, skating rink manager,

19 waitress, and companion (Tr. 62, 156, 180, 220).

20    Ms. Sandburg testified she was an alcoholic when she was ten

21 and eleven years old, and used drugs. At the time of the hearing

22 she had been clean since February 8th or 9th of 2009 (Tr. 55;

23 1473).

24    For financial reasons Plaintiff does not drive. She takes the

25 bus alone, gets along with others, and has a mentor who helps her

26 with shopping, laundry, and managing money. She does not feel she

27 is able to work despite being clean and sober for four and a half

28 months because prescribed medication makes her drowsy in the

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                           - 2 -

1  morning. Prescribed medication helps with, but does not eliminate,

2  nightmares (Tr. 54-60).

3     Plaintiff's application alleged she cannot work due to post-

4  traumatic stress disorder (PTSD), depression, anxiety, mood

5  disorder, and low IQ (Tr. 15).

6                    **SEQUENTIAL EVALUATION PROCESS**

7     The Social Security Act (the Act) defines disability as the

8  "inability to engage in any substantial gainful activity by reason

9  of any medically determinable physical or mental impairment which

10  can be expected to result in death or which has lasted or can be

11  expected to last for a continuous period of not less than twelve

12  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also

13  provides that a Plaintiff shall be determined to be under a

14  disability only if any impairments are of such severity that a

15  plaintiff is not only unable to do previous work but cannot,

16  considering plaintiff's age, education and work experiences,

17  engage in any other substantial gainful work which exists in the

18  national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

19  Thus, the definition of disability consists of both medical and

20  vocational components. *Edlund v. Massanari*, 253 F.3d 52, 1156 (9th

21  Cir. 2001).

22     The Commissioner has established a five-step sequential

23  evaluation process for determining whether a person is disabled.

24  20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

25  is engaged in substantial gainful activities. If so, benefits are

26  denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,

27  the decision maker proceeds to step two, which determines whether

28  plaintiff has a medically severe impairment or combination of

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                              - 3 -

1   impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

2       If plaintiff does not have a severe impairment or combination

3   of impairments, the disability claim is denied. If the impairment

4   is severe, the evaluation proceeds to the third step, which

5   compares plaintiff's impairment with a number of listed

6   impairments acknowledged by the Commissioner to be so severe as to

7   preclude substantial gainful activity. 20 C.F.R. §§

8   404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P,

9   App. 1. If the impairment meets or equals one of the listed

10  impairments, plaintiff is conclusively presumed to be disabled.

11  If the impairment is not one conclusively presumed to be

12  disabling, the evaluation proceeds to the fourth step, which

13  determines whether the impairment prevents plaintiff from

14  performing work which was performed in the past. If a plaintiff is

15  able to perform previous work, that Plaintiff is deemed not

16  disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At

17  this step, plaintiff's residual functional capacity (RFC)

18  assessment is considered. If plaintiff cannot perform this work,

19  the fifth and final step in the process determines whether

20  plaintiff is able to perform other work in the national economy in

21  view of plaintiff's residual functional capacity, age, education

22  and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

23  416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

24      The initial burden of proof rests upon plaintiff to establish

25  a *prima facie* case of entitlement to disability benefits.

26  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

27  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

28  met once plaintiff establishes that a physical or mental

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                          - 4 -

1  impairment prevents the performance of previous work. *Hoffman v.*

2  *Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then

3  shifts, at step five, to the Commissioner to show that (1)

4  plaintiff can perform other substantial gainful activity and (2) a

5  "significant number of jobs exist in the national economy" which

6  plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

7  Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

8       Plaintiff has the burden of showing that drug and alcohol

9  addiction (DAA) is not a contributing factor material to

10 disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

11 The Social Security Act bars payment of benefits when drug

12 addiction and/or alcoholism is a contributing factor material to a

13 disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382 (a)(3)(J);

14 *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v.*

15 *Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is

16 evidence of DAA and the individual succeeds in proving disability,

17 the Commissioner must determine whether substance abuse is a

18 contributing factor material to the determination of disability.

19 20 C.F.R. §§ 404.1535 and 416.935. If the ALJ finds that the

20 claimant is not disabled, then the claimant is not entitled to

21 benefits and there is no need to proceed with the analysis to

22 determine whether substance abuse is a contributing factor

23 material to disability. However, if the ALJ finds that the

24 claimant is disabled, then the ALJ must proceed to determine if

25 the claimant would be disabled if he or she stopped using alcohol

26 or drugs.

27       This case involves reviewing the ALJ's materiality

28 determination.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                                    - 5 -

1  ///

2  **STANDARD OF REVIEW**

3  Congress has provided a limited scope of judicial review of a

4  Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

5  the Commissioner's decision, made through an ALJ, when the

6  determination is not based on legal error and is supported by

7  substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

8  Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999)."The

9  [Commissioner's] determination that a plaintiff is not disabled

10 will be upheld if the findings of fact are supported by

11 substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th

12 Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is

13 more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

14 1119 n. 10 (9th Cir. 1975), but less than a preponderance.

15 *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

16 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

17 573, 576 (9th Cir. 1988). Substantial evidence "means such

18 evidence as a reasonable mind might accept as adequate to support

19 a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

20 (citations omitted). "[S]uch inferences and conclusions as the

21 [Commissioner] may reasonably draw from the evidence" will also be

22 upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On

23 review, the Court considers the record as a whole, not just the

24 evidence supporting the decision of the Commissioner. *Weetman v.*

25 *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v.*

26 *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

27 It is the role of the trier of fact, not this Court, to

28 resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If

evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found plaintiff's DIB insurance was valid through March 31, 2009 (Tr. 16, 18). At step one, he found plaintiff did not work at SGA levels after onset (Tr. 19). At step two, he found she suffers from the severe impairments of substance abuse, substance induced mood disorder, and antisocial personality disorder (Tr. 19). At step three, when DAA is included, the ALJ found plaintiff's impairments meet the requirements of Listings 12.04, 12.08, and 12.09 (Tr. 19). The ALJ found plaintiff is disabled when DAA is included.

Based on finding plaintiff disabled and DAA present, the ALJ conducted the required second sequential evaluation to determine whether DAA is material to the disability determination. At steps two and three, he found plaintiff's impairments without substance abuse are severe but do not meet or medically equal the listings (Tr. 20). At step four, when DAA is excluded, he found plaintiff

1  is able to perform her past relevant work as a stocking and

2  produce clerk (Tr. 27). He concluded because plaintiff would not

3  be disabled if she stopped abusing substances, DAA is a

4  contributing factor material to the disability determination. The

5  ALJ found plaintiff is barred from receiving benefits and

6  therefore has not been disabled as defined by the Social Security

7  Act during the relevant period (Tr. 28).

8                          **ISSUES**

9      Plaintiff alleges the ALJ erred when he weighed the evidence

10  of psychological impairment (ECF No. 15 at 10-11), including (1)

11  the April and October 2004 opinions of examining psychologist

12  Kevin Shearer, MA, and Frank Rosenkrans, Ph.D. (ECF No. 15 at 12-

13  13); (2) the July 2006 and 2007 opinions of examining

14  psychologists Victoria Carroll, MS, and W. Scott Mabee, Ph.D. (ECF

15  No. 15 at 13-15); and (3) the October 2006 and March 2008 opinions

16  of examining doctors Michael Wu, M.D., and Peter Rosales, M.D.,

17  respectively (ECF No. 15 at 15). Last, plaintiff alleges the ALJ

18  failed to properly credit the December 2007 opinion of agency

19  reviewing psychologist James Baily, Ph.D. (ECF No. 15 at 15-16).

20  She does not challenge the ALJ's negative credibility

21  determination.

22      Asserting the ALJ's decision is supported by substantial

23  evidence and free of legal error, the Commissioner asks the Court

24  to affirm (ECF No. 18 at 14-15).

25                        **DISCUSSION**

26  **A. Standards for weighing medical evidence**

27      In social security proceedings, the claimant must prove the

28  existence of a physical or mental impairment by providing medical

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                        - 8 -

evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical

1  advisor, the ALJ must have other evidence to support a decision to

2  reject the opinion of a treating physician, such as laboratory

3  test results, contrary reports from examining physicians, and

4  testimony from the claimant that was inconsistent with the

5  treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747,

6  751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th

7  Cir. 1995).

8  **B. Credibility**

9       To aid in weighing the conflicting medical evidence, the ALJ

10  evaluated plaintiff's credibility and found her less than fully

11  credible (Tr. 23-25). Credibility determinations bear on

12  evaluations of medical evidence when an ALJ is presented with

13  conflicting medical opinions or inconsistency between a claimant's

14  subjective complaints and diagnosed condition. *See Webb v.*

15  *Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

16       It is the province of the ALJ to make credibility

17  determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

18  1995). However, the ALJ's findings must be supported by specific

19  cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.

20  1990). Once the claimant produces medical evidence of an

21  underlying medical impairment, the ALJ may not discredit testimony

22  as to the severity of an impairment because it is unsupported by

23  medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

24  1998). Absent affirmative evidence of malingering, the ALJ's

25  reasons for rejecting the claimant's testimony must be "clear and

26  convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

27  "General findings are insufficient: rather the ALJ must identify

28  what testimony not credible and what evidence undermines the

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                              - 10 -

1  claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v.*

2  *Shalala*, 12 F.3d 915, 918 (9ᵗʰ Cir. 1993).

3       Plaintiff does not challenge the ALJ's credibility

4  determination on appeal. The court discusses it because it is

5  relevant to the ALJ's assessment of the medical evidence. The

6  ALJ's credibility assessment is supported by clear and convincing

7  reasons, including, in part, inconsistent statements and test

8  results suggesting exaggeration (Tr. 23, 26).

9       (1) *Inconsistent statements*

10      At the hearing plaintiff denied she was "kicked out" of

11  Miriam's House for drinking (Tr. 54). The ALJ points out the

12  record indicates otherwise (Tr. 24, 332). She has inconsistently

13  described substance use. The ALJ notes on November 1, 2006,

14  plaintiff stated she had been clean and sober for three years,

15  i.e., since 2003. However, records show four hospitalizations for

16  substance abuse during the period of claimed sobriety: in December

17  of 2004, and July, August and September of 2006 (Tr. 23, referring

18  to Ex. 1F, 2F/31, 3F/5-7, 3F/8-11, 3F/13-16, 7F/5-9, 28F/6).

19      (2) *Test results*

20      Plaintiff's results on the MMPI-2 on July 13, 2006, were

21  invalid, and the Rey 15-item results were at the cut off for

22  determining effort. The ALJ points out this indicates the

23  possibility of exaggerating symptoms "or trying to make herself

24  appear more impaired" (Tr. 26, citing Ex. 28F). Dr. Klein

25  testified the MMPI-2 results are consistent with "gross

26  exaggeration of symptoms for the purpose of manipulating others"

27  (Tr. 43).

28      Inconsistent statements impair credibility. *Thomas v.*

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                              - 11 -

*Barnhart*, 278 F.3d 947, 958-59 (9ᵗʰ Cir. 2002). A tendency to exaggerate symptoms may be considered when determining credibility. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9ᵗʰ Cir. 2001)(holding that a credibility determination based on, among other things, a tendency to exaggerate, was supported by substantial evidence).

The ALJ's credibility assessment is free of legal error and supported by the record.

**C. Opinions of psychological limitations and materiality of DAA**

Plaintiff alleges the ALJ should have credited Dr. Rosenkrans' opinions before onset, in April 2004 (Tr. 1381-1393), and after, in October 2004 (Tr. 1394-1403). Dr. Rosenkrans assessed several marked and moderate limitations (ECF No. 15 at 12-13, 17).

She alleges the ALJ should have credited the opinions in July 2006 (Tr. 1404-1413) and July 2007 (Tr. 337-346) of Victoria Carroll, MS, and W. Scott Mabee, Ph.D. (ECF No. 15 at 13-14). They assessed moderate, marked, and severe limitations.

Two psychiatrists at Spokane Mental Health assessed GAFs of 45, indicating serious symptomology (Tr. 268, 1474). Plaintiff alleges the ALJ should have credited the November 1, 2006, opinion of Michael Wu, M.D. (Tr. 265-269), and the March 2008, opinion of Peter Rosales, M.D. (Tr. 1472-1474)(ECF No. 15 at 15). The Commissioner does not directly respond to this argument.

In December 2007, reviewing psychologist Dr. Bailey assessed ten moderate limitations (Tr. 812-813). He diagnosed DAA (in part)(Tr. 806). The ALJ notes Dr. Bailey opined plaintiff could sustain concentration on simple to semi-skilled tasks when drug

free (Tr. 25, citing Tr. 814). Additional evidence was received after Dr. Bailey rendered his opinion, including records from January through September of 2008 (*see* e.g. Tr. 1149, 1160, 1414-1420, 1508, 1523). In April 2008, Mary Gentile, Ph.D., noted plaintiff's problems were recently exacerbated due to drug use. She affirmed Dr. Bailey's assessment (Tr. 1252).

Dr. Klein, the testifying psychologist, assessed two moderate social limitations when DAA is excluded: the ability to work with the general public and accept criticism from supervisors (Tr. 44). He opined plaintiff has more than adequate skills to perform a wide variety of jobs if DAA is excluded, and the only thing preventing work was excessive drug use (Tr. 45). Dr. Klein notes plaintiff reported she was clean and sober for eleven months prior to July 5, 2006, when she used cocaine and drank beer (Exhibit 28F/6, Tr. 1409). The means plaintiff would have been drug free from about June 2005 until June 2006.

However, records in May 2006 show Plaintiff told providers she used methamphetamine daily for one year until recently, that is, from about April 2005 through April 2006 (Tr. 1595).

Plaintiff alleges the evidence shows DAA is not material because, even without it, she suffers "at least moderate limitations" performing complex tasks. She alleges the ALJ should have credited Dr. Mabee's opinion she suffers marked and moderate limitations that are most likely not "the result of alcohol or drug abuse" (ECF No. 15 at 17-19).

The Commissioner answers that plaintiff's impairments have been "assessed as mild, or at most moderate, following periods of inpatient treatment, when [she] abstained from substance abuse and

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                                          - 13 -

1  complied with her medication regimen" (ECF No. 18 at 15).

2      The Commissioner is not entirely correct.

3      To ascertain whether DAA is material to the disability

4  determination, the court must examine plaintiff's functioning when

5  clean and sober. In unpublished decisions, the Ninth Circuit has

6  suggested examining a drug-free period of one month may be

7  appropriate.[1] It may be logically inferred that, if after one month

8  clean the other impairments are still disabling, DAA should not be

9  considered material.

10     The ALJ correctly observes Dr. Rosenkrans' November 2004

11 (post onset) opinion simply lists substance abuse (cocaine and

12 alcohol abuse) as rule out diagnoses (Tr. 26, 1402), meaning the

13 opinion did not separate out the effects of DAA.

14     When Dr. Wu examined plaintiff on October 19, 2006, he

15 diagnosed, in part, substance abuse in partial remission.

16 Plaintiff indicated she had been hospitalized after relapsing on

17 cocaine, and was released from the hospital on October 2, 2006

18 (Tr. 257, 265, 320-322). As noted, Dr. Wu assessed a GAF of

19 45,indicating serious symptomology. Dr. Wu's opinion was based on

20 seventeen days (at most) without substance abuse.

21

22
     [1]

23    The Social Security Administration's prescribed process in the
    Programs Operations Manual System (POMS) indicates that where

24    "the evidence documents that, after a drug-free period of 1
    month, the other impairment(s) is by itself not disabling," then

25    DAA is material. *See* POMS § DI 90070.050(D)(3). As discussed in
    *Ingram v. Barnhart*, 72 F. App'x 631, 636 n.30 (9th Cir. 2003),

26    although the POMS "lacks the force of law . . . , [t]he logical
    inference is that if, after a drug-[]free period of one month,

27    the other impairments are still disabling, the individual's drug
    and alcohol addiction should not be considered material." Such a

28    "logical inference" may also be appropriate here.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                          - 14 -

The ALJ rejected some of the examiner's opinions due to plaintiff's substance abuse near the time of the evaluation. He notes plaintiff told Dr. Mabee on July 13, 2006, she was sober at the time of the evaluation; however, she was hospitalized soon thereafter for psychosis and cocaine dependence, and was hospitalized before the evaluation, on July 5, 2006, because she drank beer and ingested cocaine (Tr. 26, referring to 275, 323, 1409). With respect to the 2007 evaluation, the ALJ points out plaintiff was not compliant with taking prescribed medication, abused substances near the time of the evaluation, and tested positive for methamphetamine three days after the evaluation (Tr. 27, referring to 237, 254, 276, 323, 326, 425-428, 433). The form states there is no indication of DAA (Tr. 338-339).

The ALJ generally concluded many of the assessed limitations can be attributed to substance abuse (Tr. 26). This does not answer the question of how plaintiff functions in the absence of DAA.

After a sixty day in-patient treatment program for chemical dependency, on April 19, 2007, Dr. Wu again assessed a GAF of 45, indicating serious symptomology (Tr. 259). Prior to this evaluation, Dr. Wu saw plaintiff four times from October 2006 through January 2007, for medication management (Tr. 262-266, 306). At the April 2007 appointment plaintiff said she had not suffered any nightmares since starting a different medication; denied significant mood problems; reported some anxiety; and described occasionally waking at night. She opined her medications are "going well." This somewhat ambiguous opinion appears based on plaintiff's functioning after 60 days of sobriety.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                                    - 15 -

Nearly a year later, Dr. Rosales assessed a GAF of 45 after he examined plaintiff March 14, 2008 (Tr. 1474). He diagnosed polysubstance abuse, in part. Plaintiff said she relapsed on drugs three times in the past two months and used marijuana a month before the evaluation (Id.). Records show plaintiff tested positive for cocaine on February 5, 2008 (Tr. 1149). Dr. Rosales's contradicted opinion is entitled to some weight when determining plaintiff's limitations when she is clean and sober, because it appears plaintiff may have been clean and sober for a month before the evaluation.

Prior to Drs. Wu and Rosales' opinions, in July 2006, John McRae, Ph.D., opined he could not clearly determine what plaintiff "would function like" without DAA (Tr. 568). He opined it was better to err on the side of caution and presume DAA was not material.

Numerous GAFs assessed at discharge, both from Sacred Heart and Eastern State Hospital, contradict those of Drs. Wu and Rosales and assess plaintiff as no more than moderately limited. These opinions, though, are based on functioning after shorter periods of sobriety. A GAF of 60, indicating moderate problems, was assessed at discharge on September 6, 2006, after a maximum of 15 days clean. [Plaintiff was hospitalized on August 27, 2006, and admitted using methamphetamine five days earlier, on August 22, 2006.](Tr. 323-326). At discharge on January 25, 2007, Sajid Ravasia, M.D., assessed a GAF of 70, indicating no more than mild problems, after six days without DAA (Tr. 316); on August 17, 2007, a discharge GAF of 65 was assessed (Tr. 425); and in July and September of 2008, GAFs of 70 again were assessed at discharge

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                                    - 16 -

1  (Tr. 419-420), with periods of sobriety either less than 30 days
2  or unclear.

3      The ALJ does not discuss Dr. Wu's April 2007 opinion
4  following plaintiff's 60 days of sobriety. Even if Dr. Wu is
5  viewed as an examining (rather than treating) doctor, the court
6  finds the ALJ's failure to provide reasons for rejecting this
7  opinion is reversible error. *See Lester v. Chater*, 81 F.3d 830 (if
8  treating or examining doctor's opinion is not contradicted, the
9  ALJ can only reject for clear and convincing reasons); *Flaten v.*
10 *Secretary of Health* and Human Services, 44 F.3d 1453, 1463 (9th
11 Cir. 1995)(if contradicted, such opinions can only be rejected if
12 the ALJ states specific, legitimate reasons that are supported by
13 substantial evidence).

14 **E. Remand**

15     Dr. Klein, like the ALJ, did not specifically address Dr.
16 Wu's assessed GAF of 45 after plaintiff was released from a 60 day
17 in-patient treatment program.

18     The ALJ opines plaintiff's daily activities are not
19 significantly limited (Tr. 24), but he fails to separate the
20 activities plaintiff is capable of when using substances versus
21 when clean.

22      Because the record does not clearly establish if DAA is
23 material to the disability determination, and the ALJ appears to
24 have disregarded a relevant opinion on this issue, the matter must
25 be reversed and remanded to determine plaintiff's functioning when
26 DAA is excluded.

27                          **CONCLUSION**

28     Having reviewed the record and the ALJ's conclusions, this

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                          - 17 -

1  court finds that the ALJ's decision contains legal error and is

2  not supported by substantial evidence.

3      **IT IS ORDERED:**

4      1. Plaintiff's Motion for Summary Judgment **(ECF No. 14)** is

5  **granted.** The case is REVERSED and REMANDED for further proceedings

6  pursuant to sentence four.

7      2.   The District Court Executive is directed to file this

8  Order, provide copies to counsel, enter judgment in favor of

9  plaintiff, and **CLOSE** this file.

10      DATED this 6th day of January, 2012.

11

12                              s/ James P. Hutton
                                JAMES P. HUTTON
13                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28